————o————

CHAS. E. WILSON, *et al.*, Respondents, *vs.* MATILDA MAXWELL, *et al.*, Appellants.

1. *Practice, civil—Fraud in fact—Question for the jury.*—Upon mere questions of fraud in fact, the Supreme Court will be reluctant to interfere with the verdict of a jury.

*Appeal from Jackson Circuit Court.*

*J. H. Stover and A. Comingo,* for Appellants.

*J. K. Sheley,* for Respondents.

NAPTON, judge, delivered the opinion of the court.

This is a bill or proceeding to have two deeds declared fraudulent, so that the plaintiff, who bought under execution, may have a clear title to the lands sold.

The plaintiffs were creditors to a small amount,—$120.00 or thereabouts,—of Wm. A. Maxwell, who was one of the heirs of Jno. Maxwell, deceased, who died in possession of a tract of land in Jackson county, of over 500 acres. The plaintiffs obtained a judgment before a justice, for their demand, and afterwards filed the transcript in the clerk's office, and got an execution, and sold the defendant's interest in the said lands, and became the purchasers.

Previous to this sale, Mrs. Maxwell, the widow of John Maxwell, had bought from her son William his interest in his

father's estate, and had conveyed a portion of it to another son of hers, who is also made defendant. This suit is to have these deeds declared fraudulent and void, on the ground that no consideration passed to the mother, and that the whole transaction was contrived to defeat creditors, and especially the plaintiffs.

The Circuit Judge submitted the question of fraud to a jury, and the jury found against the defendants, and the court adopted their finding and made a decree accordingly, setting aside the deeds, and confirming the plaintiff's title under the sheriff's sale. And the evidence in the case is all preserved in the record, and we are asked to arrive at a different conclusion on it, which is said to be totally at variance with the facts.

We should reluctantly venture to differ with a jury on a question of this sort, especially after receiving the sanction of the Circuit Court. No points of law are made, and upon mere questions of fraud in fact, a jury is better qualified to determine than this court. The Circuit court was not bound by the verdict, but thought proper to adopt it, and upon an examination of the evidence, we hardly think it is a case to justify the interference of this court.

Judgment affirmed ; the other judges concur.